UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Erich Michael Sorenson,                                    No. 13-cv-2958 (ADM/LIB)

        Petitioner,

v.                                                         **REPORT AND RECOMMENDATION**

Minnesota Department of Human Services,
et al,

        Defendants.
_____

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), and upon Plaintiff's Motions for Partial Default Judgment. [Docket Nos. 51, 57]. For reasons set forth below, the Court recommends that Plaintiff's Motion for Partial Default Judgment, [Docket Nos. 51, 57], be **DENIED**.

**I.     BACKGROUND**

A brief background of this case was outlined in this Court's prior Order, [Docket No. 40], and need not be repeated here. For purposes of this Order, it should suffice to say that Eric Michael Sorenson ("Plaintiff"), a patient in the Minnesota Sex Offender Program ("MSOP") proceeding *pro se*, initiated this lawsuit on or about November 11, 2013, naming as Defendants several State of Minnesota agencies and employees (the "State Defendants"), as well as, two fellow MSOP patients. (Compl. [Docket No. 1]). On February 25, 2014, the State Defendants timely defended by making a Motion to Dismiss. [Docket No. 28].

Plaintiff filed three documents, [Docket Nos. 50-42], with this Court on or about February 28, 2014, and three additional documents, [Docket Nos. 56-68] on or about March 4,

1

2014.  The two sets of documents are substantially identical, except that each set seeks relief against a different group of Defendants.  Because Plaintiff is proceeding *pro se*, this Court must construe these documents liberally.[1]  The documents are two Applications for Partial Entry of Default, [Docket Nos. 50, 56];[2] two Motions for Partial Default Judgment, [Docket Nos. 51, 57]; and two Affidavits in Support of Partial Entry of Default, [Docket Nos. 52, 58].[3]  Plaintiff's Applications for Partial Entry of Default, [Docket Nos. 50, 56], and his Affidavits in Support thereof, [Docket Nos. 52, 58], are properly before the Clerk of Court, and not the undersigned.

## II. PLAINTIFF'S MOTIONS FOR PARTIAL DEFAULT JUDGMENT [Docket Nos. 51]

In his first Motion for Partial Summary Judgment, [Docket No. 51], Plaintiff seeks an order of default judgment against individual State Defendants James Berg, Jannine Hebert, Lucinda Jesson, Nancy Johnston, David Paulon, and Scott Sutton; and against Defendant MSOP.  In his second Motion for Partial Summary Judgment, [Docket No. 57], Plaintiff seeks an order of default judgment against individual State Defendants Jennifer Abson, Kevin Moser, Rob Rose, Mary Skalko, Troy Basaraba, and Tara Osborne; against fellow MSOP patients Joel Brown[4] ("Defendant Brown") and Jeremy Hammond ("Defendant Hammond"); and against Defendant

---

[1] See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

[2] These documents are styled as "Request[s] for Partial Entry of Default."  [Docket Nos. 50, 56].  They are addressed to the Clerk of Court, and not to the undersigned.  (Id.).  Therefore, reading these documents liberally, the Court construes Docket Nos. 50 and 56 as Applications for Partial Entry of Default, pursuant to Rule 55(a).

[3] Plaintiff styles these Documents as "Affidavit[s] in Support of Partial Default *Judgment*."  [Docket Nos. 52, 58] (emphasis added).  However, Plaintiff's *Applications* for Partial Entry of Default, [Docket Nos. 50, 56], must be supported by an affidavit or other evidence, while his *Motions* for Partial Default Judgment, [Docket Nos. 51, 57], need not be supported by an affidavit.  Compare Fed. R. Civ. P. 55(a), with Fed. R. Civ. P. 55(b)(2).  Therefore, reading Plaintiff's filings liberally, the Court construes Docket Nos. 52 and 58 as Affidavits in Support of Partial Entry of Default, in support of Plaintiff's Applications for Partial Entry of Default, [Docket Nos. 50, 56].  See also fn.2, supra, and fn.5, infra.

[4] In his Motion, Plaintiff spells this Defendant's name as "Jo*le* Brown."  The Court uses the spelling reflected on the docket, "Jo*el* Brown."

Angelique Brewer-Ottom ("Defendant Brewer-Ottom").  Plaintiff's Motions are made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[5]

### A. Plaintiff's Motions as against the State Defendants should be denied.

As previously noted, the State Defendants did, in fact, timely defend by making their Motion to Dismiss.  [Docket No. 28].  In making said motion on their behalf, the State expressly stated that it "represents all state entities," and that it also represents all "individually named defendants in their individual capacity, . . . and the [State] anticipates representing individually named defendants in their individual capacity as they become certified" for State representation, pursuant to Minn. Stat. § 3.736, subd. 9.  (Id. at 1-2 n.1).  Therefore, the Motion to Dismiss was made on behalf of all of the State Defendants, both individual and institutional, that Plaintiff has named in his present Motions.  Consequently, the Court cannot recommend granting default judgment against the named Defendants.[6]

---

[5] Rule 55(b)(1) applies where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," whereas Rule 55(b)(2) applies "[i]n all other cases." Fed. R. Civ. P. 55(b).

Plaintiff does not specify whether he brings his Motions pursuant to Rule 55(b)(1) or Rule 55(b)(2). (See Mots. Default J. [Docket Nos. 51, 57] (motion for partial default judgment without reference to any specific Federal Rule of Civil Procedure)). He does ask that judgment be entered against the named Defendants in the amount of "$200,000 or as seen just by this Honorable Court." (Id. at 1). However, he provides no basis for an award of this sum, which does not appear anywhere in his 68-page Complaint. (See Compl. [Docket No. 1]).

A Rule 55(b)(1) motion typically is brought "to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan." Purity Bakery Bldg. L.P. v. Penn-Star Ins. Co., No. 11-cv-94 (PJS/AJB), 2011 U.S. Dist. LEXIS 38268, at *6 (D. Minn. Apr. 7, 2011) (Schiltz, J.). Those circumstances are not present here. Additionally, relief pursuant to Rule 55(b)(1) is entered by the Clerk of Court, see Fed. R. Civ. P. 55(b)(1), where in the present case Plaintiff has asked for relief from the Court. (See Mots. Partial Default J. [Docket Nos. 51, 57], at 1). For these reasons, the Court concludes that Plaintiff's Motions were made pursuant to Rule 55(b)(2).

[6] Additionally, even if the named State Defendants had failed to timely defend in this action, Plaintiff's Motions for Default Judgment, [Docket Nos. 51, 57], would be premature. The Federal Rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After first obtaining an entry of default, a party may then seek default judgment by application to the Court. Fed. R. Civ. P. 55(b)(2). In the present case, Plaintiff has *applied* for entries of default; however, the Clerk of Court has not acted on his applications, and no entries of default have been made. Therefore, not only have the named State Defendants timely defended themselves in this action, but procedurally, Plaintiff's motions under Rule 55(b)(2) would have failed because he did not first obtain the necessary entries of default under Rule 55(a). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)").

**B. Defendants Brown and Hammond**

The State expressly states that its Motion to Dismiss on behalf of the State Defendants was <u>not</u> made on behalf of Defendants Brown and Hammond, who are <u>not</u> represented by the State. (State Defs.' Mot. Dismiss [Docket No. 28], at 2 n.1). Additionally, the docket reflects that, as of today's date, Defendants Brown and Hammond have neither answered nor otherwise made an appearance in this matter. Nonetheless, for the reasons articulated in footnote 6 of this Report and Recommendation, <u>supra</u>, Plaintiff's Motion with regard to Defendants Brown and Hammond is premature, and therefore, the Court cannot recommend granting default judgment against Defendants Brown and Hammond.

**C. Defendant Brewer-Ottom**

Defendant Brewer-Ottom is named as a defendant in the caption of Plaintiff's Complaint, [Docket No. 1], and the record appears to reflect that she was served with the summons and complaint on February 7, 2014, (Summons Returned Executed [Docket No. 25], at 10). However, this Court, having reviewed Plaintiff's entire 68-page complaint, finds that Defendant Brewer-Ottom is named only in the caption, and <u>is not</u> named as a party in the body of the Complaint. (<u>See</u> Compl. [Docket No. 1], at 4-14[7]). Additionally, she is not named in any of the Complaint's factual allegations, (<u>Id.</u> at 14-21), or legal claims, (<u>Id.</u> at 21-63). In fact, except for her name appearing in the caption, Defendant Brewer-Ottom otherwise does not appear anywhere in the Complaint.

Under these circumstances, not only does this Court conclude that it cannot recommend granting default judgment against Defendant Brewer-Ottom, the Court also finds that it must recommend that Defendant Brewer-Ottom be dismissed from this action, pursuant to Rule

---

[7] The Court observes that page numbers at the bottom of Plaintiff's Complaint, while sequential, are otherwise nonsensical, as the first page of the Complaint is numbered "Page 4 of 68," and the last page is numbered "Page 71 of 68." Therefore, the Court uses the page numbers as recorded by the CM/ECF.

12(b)(6) of the Federal Rules of Civil Procedure, for Plaintiff's complete failure to state any claim whatsoever against her.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Plaintiff's first Motion for Partial Default Judgment, [Docket No. 51], be **DENIED**, as set forth above; and

2. That Plaintiff's second Motion for Partial Default Judgment, [Docket No. 57], be **DENIED**, as set forth above; and

3. That Defendant Angelique Brewer-Ottom be **DISMISSED without prejudice** from this action, as set forth above.


DATED: March 4, 2014                     s/Leo I. Brisbois
                                         LEO I. BRISBOIS
                                         United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 18, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.