UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,

       Plaintiff,

v.

**ORDER**
Civ. No. 13-2958 ADM/LIB

Minnesota Department of Human Services, Minnesota Sex Offender Program, Lucinda Jesson, Nancy Johnston, Jannine Herbert, James Berg, Kevin Moser, Tom Lundquist, Tara Osborne, Angelique Brewer-Ottom, Rob Rose, Jennifer Abson, Al Jennings, Scott Sutton, David Paulson, James Michael Olson, Mary Skalko, Troy Basaraba, Joel Brown, Jeremy Hammond, et al.,

       Defendants.

_____

Eric Michael Sorenson, pro se.
_____

      This matter is before the undersigned United States District Judge for a ruling on Eric Michael Sorenson's Objection [Docket No. 63] to Magistrate Judge Leo I. Brisbois' March 4, 2014 Report and Recommendation [Docket No. 59] ("R&R").  In his R&R, Judge Brisbois recommends denying Sorenson's Motions for Partial Default Judgment [Docket Nos. 51 and 57] and dismissing without prejudice Defendant Angelique Brewer-Ottom.  After a thorough de novo review of the record and for the reasons stated below, Sorenson's Objection is overruled in part and sustained in part.

      Plaintiff Sorenson, a patient in the Minnesota Sex Offender Program ("MSOP"), has initiated this action against several agenicies and state employees ("State Defendants"),

including Angelique Brewer-Ottom.  In his same Complaint [Docket No. 1], Sorenson has also sued two fellow MSOP patients, Joel Brown and Jeremy Hammond.  Sorenson brought motions for partial default judgment against all Defendants.  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Sorenson does not object to denial of his motions as they pertain to the State Defendants.

Sorenson does, however, object to the denial of default judgment as it pertains to Defendants Brown and Hammond.  Sorenson's motion is premature.  The Federal Rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After obtaining an entry of default, a party may then seek default judgment by application to the court.  Fed. R. Civ. P. 55(b)(2).  Therefore, procedurally, Plaintiff's motions under Rule 55(b)(2) would usually fail because he did not first obtain the necessary entries of default under Rule 55(a).

On March 25, 2014, the Clerk of Court filed an Entry of Default [Docket No. 73] as to Joel Brown and Jeremy Hammond.  Therefore, although Sorenson's motion was premature, his motion for default judgment as to Joel Brown and Jeremy Hammond will not be denied.  The matter will be referred to Judge Brisbois for further proceedings.

Sorenson also objects to the dismissal without prejudice of Defendant Brewer-Ottom.  Without giving a plaintiff notice and opportunity to respond, dismissing a complaint sua sponte for failure to state a claim is not "per se reversible error" where it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint. Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991).  Judge Brisbois dismissed Brewer-Ottom as a Defendant because

Sorenson's Complaint does not include any allegations against Brewer-Ottom.  However, the State Defendants, including Brewer-Ottom, have a pending Motion to Dismiss [Docket No. 28].  Additionally, Judge Brisbois' March 18, 2014 Order [Docket No. 69], allows Sorenson leave to file a supplemental complaint and an extension of time to file a response to Defendants' motion to dismiss.  Therefore, Brewer-Ottom will not be dismissed at this time.  The pending motions may resolve the matter more definitively.

Based upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois, and after an independent review of the files, records and proceedings in the above-titled matter, **IT IS ORDERED**:

1. Plaintiff Eric Michael Sorenson's Objection [Docket No. 63] to Magistrate Judge Leo I. Brisbois' March 4, 2014 Report and Recommendation [Docket No. 59] is **OVERRULED IN PART**, and **SUSTAINED IN PART**,

2. The Report and Recommendation is **ADOPTED IN PART**; and **MODIFIED IN PART**,

3. Sorenson's Motion for Partial Default Judgment [Docket No. 51] is **DENIED**;

4. Sorenson's Motion for Partial Default Judgment [Docket No. 57] is **REFERRED** to Judge Brisbois for further review; and,

5. Defendant Angelique Brewer-Ottom **WILL REMAIN A PARTY** in this action.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 26, 2014.