UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,

        Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 13-2958 ADM/LIB

Minnesota Department of Human Services, Minnesota Sex Offender Program, Lucinda Jesson, Nancy Johnston, Jannine Herbert, James Berg, Kevin Moser, Tom Lundquist, Tara Osborne, Angelique Brewer-Ottom, Rob Rose, Jennifer Abson, Al Jennings, Scott Sutton, David Paulson, James Michael Olson, Mary Skalko, Troy Basaraba, Joel Brown, Jeremy Hammond, et al.,

        Defendants.

_____

Eric Michael Sorenson, pro se.
_____

## I.  INTRODUCTION

On September 11, 2014, Eric Michael Sorenson ("Sorenson" or "Plaintiff") filed a Motion for Leave to File Report and Recommendation Objections Out of Time and to Vacate Order Adopting R&R and Judgment in Civil Action [Docket No. 161] ("Motion for Leave and to Vacate").  Five days later, on September 16, 2014, Sorenson filed a Motion for Rule 59 and 60(b) Relief [Docket No. 172].  For the reasons set forth below, Sorenson's Motion for Leave and to Vacate is Denied and Sorenson's Motion for Rule 59 and 60(b) Relief is Granted in Part and Denied in Part.

## II.  BACKGROUND

Sorenson, a patient civilly committed in the Minnesota Sex Offender Program ("MSOP"), initiated the present lawsuit on October 29, 2013.  Compl. [Docket No. 1].  A large number of MSOP departments and employees (collectively, the "State Defendants") are named as defendants, along with two civilly committed MSOP patients.  Id.  On March 21, 2014, Sorenson filed a Supplemental Complaint [Docket No. 70], alleging additional claims and adding additional MSOP employees.

On July 31, 2014, Magistrate Judge Leo I. Brisbois issued an Order and Report and Recommendation [Docket No. 153] ("R&R") addressing the State Defendants' Motion to Dismiss [Docket No. 28], Plaintiff's Motion for Partial Default Judgment [Docket No. 57], Plaintiff's Motion for Partial Default Judgment [Docket No. 80], Plaintiff's Motion to Consider the Defendants' Current Motion to Dismiss Moot or Denied [Docket No. 88], Plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 92], the State Defendants' Partial Motion to Dismiss Plaintiff's Supplemental Complaint [Docket No. 100], and Plaintiff's Motion to Amend Supplemental Complaint as of Right or Freely [Docket No. 124].  The R&R granted the State Defendants' dismissal Motions, and granted Sorenson's Motion for Leave to File an Amended Complaint and his Motion to Amend Supplemental Complaint as of Right.  The R&R denied Sorenson's other motions.

On August 8, 2014, Sorenson filed a Notice of Partial Voluntary Dismissal [Docket No. 154] pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  This notice effectively dismissed without prejudice every claim and every defendant from this lawsuit with the exception of Count 1 of the Amended Supplemental Complaint as pled against Defendant

Angelique Brewer-Ottom.

On August 22, 2014, this Court issued an Order Adopting the R&R [Docket No. 155]. Three days later, on August 25, 2014, Judgment [Docket No. 156] was entered. Sometime thereafter, an error in the August 22, 2014 Order was identified.[1]  On September 8, 2014, an Amended Order Adopting the R&R [Docket No. 159] was docketed.  The Amended Order struck the Judgment that was previously entered.

Sorenson's September 11, 2014 Motion, Motion for Leave and to Vacate, requests additional time to file objections to Judge Brisbois' R&R and seeks to vacate this Court's Order adopting the R&R and the entry of Judgment.  Sorenson's September 16, 2014 Motion, Motion for Rule 59 and 60(b) Relief, alleges a jurisdictional deficiency in this Court's August 22, 2014 Order, and requests the appointment of counsel and an evidentiary hearing.

### III. DISCUSSION

**A. Motion for Leave and to Vacate**

Sorenson requests additional time to submit objections to Judge Brisbois' R&R.  In addition, Sorenson requests the objections submitted as Exhibit 1 to this Motion be submitted as proper R&R objections.  Because every objection Sorenson raises is directed at claims or defendants that were voluntarily dismissed, the objections are no longer relevant to the claims in this lawsuit.  Accordingly, Sorenson's requests are denied as moot.

Sorenson also requests that the entry of Judgment be vacated.  This request is also moot

---

[1] Specifically, the State Defendants' Partial Motion to Dismiss Plaintiff's Supplemental Complaint sought dismissal of the entire Supplemental Complaint except for Count I as asserted against Angelique Brewer-Ottom.  The single claim that survived the motion was initially overlooked, which resulted in the entire case being incorrectly dismissed and a final judgment entered by the Clerk of Court.

because the Judgment was stricken by the Amended Order docketed on September 8, 2014.

## B. Motion for Rule 59 and 60(b) Relief

### 1. Subject Matter Jurisdiction

Sorenson argues that the September 8, 2014 Amended Order Adopting the R&R should be vacated because the court lacked subject matter jurisdiction. Specifically, Sorenson contends that his notice of voluntary dismissal, which was docketed after Judge Brisbois' R&R and before the Order adopting the R&R, divested this Court's jurisdiction to rule on the merits of all claims voluntarily dismissed.

Rule 41(a)(1)(A)(I) permits a plaintiff to voluntarily dismiss the suit without prejudice and without any court action when no answer or a motion for summary judgment has been filed. "These two instances have been construed strictly and exclusively." Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990). As the Eighth Circuit explained:

> In Foss v. Federal Intermediate Credit Bank, we recognized that the rule 'must not be stretched beyond its literal terms.' Similarly, other courts have held that Rule 41(a)(1) creates a bright line that leaves no discretion to the courts. Thus, we consider only whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal.

808 F.2d 657, 660 (8th Cir. 1986) (internal citations omitted). "The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought." In re Piper Aircraft Distribution Systems Antitrust Litigation, 551 F.2d 213, 219 (8th Cir. 1977). In such circumstances, the district court is stripped of its "jurisdiction to pass upon the merits of the case." Foss, 808 F.2d at 660.

In Foss, a magistrate recommended that a complaint lacked merit and should be dismissed. Id. at 658. The plaintiffs petitioned the district court for review of the

recommendation.  Id.  However, before the district court could issue a ruling on the recommendation, the plaintiffs tendered a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(I).  Id. at 658-59.  The Eighth Circuit held that the notice of voluntary dismissal divested the district court's jurisdiction to rule on the merits of the case.  Id. at 660.

The same result is reached here.  Sorenson filed his Notice of Partial Voluntary Dismissal on August 8, 2014 before the Defendants submitted an answer or moved for summary judgment.  Thus, Sorenson's notice deprived this Court of jurisdiction to rule on the merits of the claims and Defendants Sorenson chose to voluntarily dismiss.  Pursuant to Rule 60(b), the Amended Order Adopting R&R is vacated.

**2. Evidentiary Hearing**

Sorenson requests an evidentiary hearing on this Motion.  Because Sorenson's memorandum successfully identified a legal basis that merits granting his motion to vacate judgment, an evidentiary hearing is unnecessary.

**3. Request for Referral for Appointment of Counsel**

Sorenson has twice attempted and has twice been denied appointment of counsel.  Sorenson's first attempt was filed in conjunction with his Complaint.  See Mot. Appoint Counsel [Docket No. 4].  Judge Brisbois denied Sorenson's request, finding "that neither the facts nor the legal issues raised in Plaintiff's Complaint, [Docket No.1], are so complex as to warrant appointment of counsel."  Order Denying Mot. Appoint Counsel [Docket No. 10].

Sorenson renewed his appointment of counsel efforts on April 15, 2014.  See Renewed Mot. Appointment Counsel [Docket No. 112].  Sorenson's renewed effort was made, in part, on new arguments that were not previously raised and the fact that the procedural posture had

changed significantly since his initial request.  Sorenson also requested a referral to the appropriate *pro se* lawyer referral services.  Despite these factors, Sorenson's request was again denied.  See Order R&R [Docket No. 136].

Sorenson's current request is simply a more specific version of the request Sorenson raised in his Renewed Motion for the Appointment of Counsel.  While cognizant of Sorenson's *Pro Se* status, Judge Brisbois' reasoning on Sorenson's previous motions is still applicable.  Indeed, the facts and legal issues are now significantly less complex because the Supplemental Complaint is now a single claim against a single defendant.  For these reasons, Sorenson's Request for Referral to the Federal Bar Association's *Pro Se* Project for Appointment of Counsel is denied.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File Report and Recommendation Objections Out of Time and to Vacate Order Adopting R&R and Judgment in Civil Action [Docket No. 161] is **DENIED**.

2. Plaintiff's Motion for Rule 59 and 60(b) Relief [Docket No. 172] is **GRANTED IN PART AND DENIED IN PART**, as follows:

    A. To the extent the motion seeks Rule 60(b) relief, the motion is granted. The Amended Order Adopting R&R [Docket No. 159] is vacated;

    B. In all other respects, the motion is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 5, 2014.