UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Michael Sorenson, | Court File No. 13-cv-2958 (ADM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Minnesota Department of Human Services, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon Defendant Angelique Brewer-Ottum's ("Defendant") Motion for Summary Judgment, [Docket No. 212]. This case has been referred to the undersigned Magistrate Judge for a Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

For the reasons discussed herein, the Court recommends that Defendant's Motion for Summary Judgment, [Docket No. 212], be **GRANTED** and that the Plaintiff's claim against Defendant Angelique Brewer-Ottum be **DISMISSED with PREJUDICE**.

I.  **BACKGROUND**

Plaintiff Eric Michael Sorenson ("Plaintiff"), a patient civilly committed in the Minnesota Sex Offender Program ("MSOP"), proceeding *pro se*, initiated the present lawsuit on October 29, 2013, naming as Defendants numerous departments and employees of the State of Minnesota along with two civilly committed MSOP patients. (Compl. [Docket No. 1]). On March 23, 2014, Plaintiff filed a Supplemental Complaint, [Docket No. 70], alleging additional claims and implicating additional employees of the State of Minnesota. One of these newly implicated

employees was the present Defendant, who was named in the caption of the original Complaint but not mentioned in the body of the original Complaint. (See Compl. [Docket No. 1]).

On September 8, 2014, United States District Court Judge Ann D. Montgomery adopted the Report and Recommendation of this Court dismissing all claims against all Defendants, except Plaintiff's Section 1983 retaliation claim (Count I) as alleged against the present Defendant in her individual capacity. (See Amended Order Adopting the Report and Recommendation [Docket No. 159]).[1] On September 15, 2014, Defendant filed an answer to Plaintiff's one remaining claim. (Answer to First Amended Compl. [Docket No. 171]). On September 16, 2014, the Court issued a Pretrial Scheduling Order setting a discovery deadline of March 16, 2015, and a dispositive motion deadline of May 16, 2015. (Pretrial Scheduling Order, [Docket No. 175], at 2–4). The Plaintiff has conducted no discovery. The Court later extended the dispositive motions deadline to July 16, 2015. (Order [Docket No. 203]).

On July 16, 2015, Defendant filed the present Motion for Summary Judgment, [Docket No. 212]). The court subsequently issued a brief schedule ordering Plaintiff to file and serve his responses to Defendant motion no later than August 6, 2015. (Order [Docket No. 218]). Plaintiff has filed no such response. The Court further instructed the parties that the Court would take Defendant's Motion for Summary Judgment, [Docket No. 212], under advisement on the parties' written submissions on August 20, 2015. (Id.).

---

[1] It appears the Defendant Brewer-Ottum was excluded from that motion to dismiss because she was not at the time represented by counsel, in her individual capacity, because the State's screening process was ongoing.

**II.  STATEMENT OF ALLEGED FACTS[2]**

Plaintiff's only remaining claim is his retaliation claim against the present Defendant in her individual capacity. (See Amended Order Adopting the Report and Recommendation [Docket No. 159]). Plaintiff's First Amended Supplemental Complaint alleges that as a result of informing Defendant of the present lawsuit and Plaintiff's claims against her, Defendant was "very abrupt, rude, and disrespectful" to Plaintiff. (First Amended Supplemental Complaint, [Docket No. 128-2], at ¶ 28). The following day on November 20, 2013, Plaintiff alleges that Defendant, along with two previous defendants, visited Plaintiff in his living unit and stated "that Plaintiff's primary, [Defendant Brewer-Ottum], in conjunction with White and Macklanburg, stated to remove shifts from the Plaintiff's vocational programming hours/schedule." (Id. at ¶ 29). Plaintiff does not speculate or allege the reasoning behind this specific initial removal of hours from his schedule. (See Id.). Plaintiff was given a notice memorializing the reduction in hours and explaining the reasons, however, Plaintiff alleges that staff approved the actions indicated on the notice. (Id. at ¶ 30).

Plaintiff further alleges that on the next day, November 21, 2013, Defendant, White, and Macklanburg went back to see Plaintiff and informed Plaintiff they were going to take his remaining vocational program shifts. (Id. at ¶ 31). Plaintiff alleges, in a conclusory and speculative manner, that this reduction in hours was "because of the filing of the lawsuits." (Id.). Plaintiff alleges that when he asked Defendant why the reduction in hours occurred, Defendant responded that the hours were being reduced "because we can[.]" (Id. at ¶ 32). Plaintiff alleges a connection exists, "through circumstantial evidence," between Defendant's actions and

---

[2] The facts of Plaintiff's Original Complaint are not pertinent to the present Defendant as she is only mentioned in the caption of that Complaint and not the Complaint body. As such, the Court will not again reiterate the specific facts of that Complaint. Defendant is, however, addressed in the First Amended Supplemental Complaint. Therefore, the facts presented here are alleged in the First Amended Supplemental Complaint.

Plaintiff's exercise of constitutionally protected rights, which Plaintiff argues constitutes unconstitutional retaliation. (Id. at ¶ 34).

The inference from Plaintiff's assertions in his First Amended Supplemental Complaint is that as a result of informing Defendant of the present lawsuit and Plaintiff's claims against her, Defendant made the decision to remove shifts from Plaintiff's vocational programming schedule and acted on the decision by so removing the shifts. (Id. at ¶¶ 26–34). However, Defendant's affidavit and supporting evidence accompanying her Motion for Summary Judgment provide new information which renders that inference—drawn from Plaintiff's conclusory and circuitous allegations—no longer reasonable. Defendant along with her affidavit submits the Behavioral Expectations Report ("BER") and the Vocational Treatment Notices ("VTN"), which lead to the elimination of Plaintiff's vocational work hours. (See Affidavit of Angelique Brewer-Ottum ("Brewer-Ottum Aff."), Ex. A–H, [Docket No. 215-1]) (filed under seal). Neither the BER nor any of the VTNs were issued by the Defendant. (See Id.).

On October 25, 2013, Plaintiff received a major BER for, the previous day, threatening another client after that other client was "allowed to return to unit 1D after their recent altercation." (Brewer-Ottum Aff., Ex. A, [Docket No. 215-1]). The BER further stated that Plaintiff "made threatening remarks that he would get into a physical altercation with the peer." (Id.). The BER was signed by a staff member and approved by a supervisor, neither of which were Defendant. (Id.).

Also on October 25, 2013, Plaintiff was issued a VTN by Todd White. (Brewer-Ottum Aff., Ex. B, [Docket No. 215-1]). This VTN was unrelated to the major BER. (Id.). The VTN explained that Plaintiff was receiving the VTN because he "did not do the upper tier [and] spent a significant amount of time during [his] work shift complaining [and] arguing with peers[.]"

4

(Id.). The VTN further warned Plaintiff that "[s]imilar instance in a 90 day time period may result in a reduction or removal from your vocational programming." (Id.).

On November 5, 2013, Ciara Macklanburg issued Plaintiff a second VTN in response to the major BER Plaintiff received on October 25, 2013. (Brewer-Ottum Aff., Ex. D, [Docket No. 215-1]). This second VTN again warned Plaintiff that "[i]f similar behaviors are observed/reported in a 90 day period, you may be subject to removal from the vocational programming for a period of not less than 90 days." (Id.).

On November 20, 2013, Todd White issued Plaintiff his third VTN. (Brewer-Ottum Aff., Ex. F, [Docket No. 215-1]). The VTN stated that Plaintiff received this VTN for "attempt[ing] to falsify [his] vocational time sheets." (Id.). The VTN outlined all the times, the previous day, that Plaintiff had attempted to get staff members to sign his falsified time sheet, and it, additionally, stated that Plaintiff consistently "finishes" working early. (Id.). The VTN also informed Plaintiff that "[a]fter consulting with [his] Clinical team and members of the Vocational Placement Committee, it was determined [Plaintiff] would receive this Vocational Treatment Notice with a three shift reduction effectively immediately." (Id.). Lastly, the VTN again warned Plaintiff that "[i]f similar behaviors are observed/reported in a 90 day period, [Plaintiff] may be subject to removal from vocational programming for a period of not less than 90 days." (Id.).

On November 21, 2013, Ciara Macklanburg issued Plaintiff his fourth VTN related to events immediately following the issuance of Plaintiff's third VTN. (Brewer-Ottum Aff., Ex. H, [Docket No. 215-1]). Plaintiff's fourth VTN stated that following the discussion of Plaintiff's third VTN, Plaintiff was "involved in a verbal altercation with another client and" didn't follow "staff directives on 11/20/2013, which caused the Incident Command System being called." (Id.). That fourth VTN informed Plaintiff that after discussion with Plaintiff's clinical team and the

Vocational Placement Committee it was determined that Plaintiff was "not vocationally ready due to [his] recent behavior." (Id.). Plaintiff's fourth VTN further informed Plaintiff that he would not be "eligible for vocational placements for a minimum of 30 days." (Id.).

While Defendant is a member of Plaintiff's clinical team, she is only one of the team members, and the BER and the first two VTNs occurred before Plaintiff alleges he told Defendant about the present lawsuit and his claims against her. Plaintiff does not allege that the incidents leading up to the third and fourth VTN involved Defendant. Plaintiff has not disputed that the incidents in the BER or VTNs occurred. Furthermore, Defendant's presented evidence, which Plaintiff does not attempt to refute, tends to show Defendant was not involved in any of incidents which lead to the BER or any of the VTNs.

Although given ample opportunity by the Court, Plaintiff has not responded to the evidence presented by Defendant nor has he in any way submitted any opposition to the Defendant's Motion for Summary Judgment.

### III.   STANDARD OF REVIEW

Summary judgment is appropriate when the evidence demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a); Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of bringing forward sufficient admissible evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The evidence

must be viewed in the light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991). However, while the burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, the nonmoving party may not rest on mere allegations or denials in their pleadings, but the non-moving party must set forth specific admissible evidence-based facts showing the existence of a genuine issue. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

If the moving party satisfies its burden, Rule 56(e) requires the non-moving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). "Naked assertions, unsubstantiated by the record," made in rebuttal do not amount to sufficient evidence to preclude summary judgment. Dutton v. University Healthcare Sys., L.L.C., 136 Fed. Appx. 596 (5th Cir. 2005) (unpublished decision); see also Simms v. McDowell, No. 4:08cv–60–M, 2009 WL 3160353, at *5 (W.D.Ky. Sept. 25, 2009) (holding that speculation that someone lied in an affidavit is "insufficient to defeat a motion for summary judgment."). "A properly supported motion for summary judgment is not defeated by self-serving affidavits." Frevert v. Ford Motor Co., 614 F.3d 466, 473 (8th Cir. 2010) (quoting Bacon v. Hennepin Cty. Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008)). "Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Id. at 473–74. A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would

permit a finding in the plaintiff's favor. Wilson v. Int'l Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995); Smith v. International Paper Co., 523 F.3d 845, 848 (8th Cir. 2008).

The movant is entitled to summary judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; Davidson & Associates v. Jung, 422 F.3d 630, 638 (8th Cir. 2005). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 526–27(8th Cir. 2007). If the nonmoving party relies on conclusory allegations, and fails to present evidence supporting a necessary element of a claim, then that claim cannot survive summary judgment. Beyer v. Firstar Bank, N.A., 447 F.3d 1106, 1108 (8th Cir. 2006).

The Court notes that although Plaintiff has not responded with any opposition to Defendant's present dispositive motion, summary judgment is not automatically entered by default. The Federal Rules of Civil Procedure provide that if the adverse party does not respond, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. Pro. 56(e)(3). Thus, even when a motion for summary judgment is unopposed, summary judgment may only be entered when the movant is entitled to it. Id.; see Ballato v. Comcast Corp., No. 09-2236 (JRT/JJG), 2011 WL 2728265, at *7 (D. Minn. July 13, 2011), aff'd 676 F.3d 768 (8th Cir.

2012). However, "[i]f the moving party supports the motion with evidence, the opposing party must rebut it or the court can consider the fact undisputed." Irish v. U.S. Dept. of Justice, Civ. No. 11-2703 (MJD/JJK), 2013 WL 451314, at *2 (D. Minn. Jan. 3, 2013) (citing Fed. R. Civ. Pro. 56(e)(2)), adopted by, 2013 WL 452576, rev'd on other grounds, 564 Fed. Appx. 259 (8th Cir. 2014).

"Although pro se pleadings are to be construed liberally, pro se litigant are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). The claims of a plaintiff, even a *pro se* plaintiff, cannot survive a motion for summary judgment unless the plaintiff has set forth specific admissible facts demonstrating that there is a genuine issue for trial. See Quam v. Minnehaha Cty. Jail, 821 F.2d 522, 522 (8th Cir. 1987) ("Although Quam is entitled to the benefit of a liberal construction of his pleadings because of his pro se status, Federal Rule of Civil Procedure 56 remains applicable to Quam's lawsuit.").

## IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, [Docket No. 212]

Plaintiff in his First Amended Supplemental Complaint alleges that Defendant violated Plaintiff's First Amendment rights by retaliating against his constitutionally protected speech and activity. (First Amended Supplemental Complaint, [Docket No. 128-2], at ¶ ¶ 23–35). Defendant now moves this Court to dismiss Plaintiff's sole remaining claim against her pursuant to Federal Rule of Civil Procedure 56.

"To establish a retaliation claim, a plaintiff must show: (1) he engaged in a protected activity; (2) a government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated at least in part by the protected activity." Evenstad v. Herberg, 994 F. Supp. 2d 995, 1000 (D.

Minn. 2014) (citing Revels v. Vincenz, 380 F.3d 870, 876 (8th Cir. 2004). "Failure to satisfy any of the three elements results in the failure of the claim." Evenstad, 994 F. Supp. 2d at 1000 (citing Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004)). "[C]ivilly committed persons retain their First Amendment rights to exercise the freedoms of speech and to seek redress of grievances[.]" Evanstad, 994 F. Supp. 2d at 1000–01. In the prison context, courts have observed that prison officials are prohibited from "punish[ing] an inmate because he exercises his constitutional right of access to the courts." Sisneros v. Nix, 95 F.3d 749, 751 (8th Cir. 1996); see Beaulieo v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2008).

As to the first element of his retaliation claim, Plaintiff was engaged in a protected activity when he initially filed the present lawsuit, thus satisfying, for summary judgment purposes, the first element of his retaliation claim. That being said, however, Plaintiff has failed to present any requisite admissible evidence to support genuine disputes on either of the other two elements of his retaliation claim.

As noted above, the now uncontested evidence from Defendant shows that member of the staff, other than Defendant, issued Plaintiff the BER and VTNs which lead to Plaintiff's reduction in hours and ultimate removal from the vocational program. Furthermore, that same uncontested evidence presented by the Defendant illustrates that Defendant had no part in the issuances of the BER or the VTNs which lead to Plaintiff reduction in vocation hours. Plaintiff has presented no admissible evidence to support the conclusory assertions of his pleading that Defendant participated in the reduction of Plaintiff vocational hours and Plaintiff's ultimately removal from the vocational program. Plaintiff has thus failed to show a genuine dispute exists, and his failure to establish a fact dispute on this element alone is enough to grant Defendant's summary judgment motion. See Evenstad, 994 F. Supp. 2d at 1000.

10

However, the Court will, in an abundance of caution, also evaluate the third element of the retaliation claim.

As to the third element of his retaliation claim Plaintiff conclusorily alleges in his First Amended Supplemental Complaint that "a casual [sic] connection, through circumstantial evidence, can be made between the Defendants' actions . . . and the Plaintiff's exercise of his constitutional rights[.]" (First Amended Supplemental Complaint, [Docket No. 128-2], at ¶ 34). Plaintiff, however, fails to submit any admissible facts in opposition to the present Motion for Summary Judgment that would tend to suggest a genuine dispute of fact as to any causal connection between the protected activity and the actions taken. Even assuming Plaintiff had sufficiently pled engagement in a protected activity and adverse action taken against him, as noted above, Defendant presents uncontested evidence that other members of the staff were responsible for the issuance of the BER and VTNs which lead to Plaintiff's elimination from the vocational program. In fact, the first two VTNs and the BER were all issued before Plaintiff, himself, claims to have informed Defendant about the present lawsuit. It would, therefore, be impossible for those three occurrences to be considered retaliatory action by Defendant because of the present lawsuit, even if she had participated in them, because, as Plaintiff's own assertion establish, Defendant had not then even learned of the present lawsuit.

Therefore, as a result of Plaintiff's purely conclusory allegations in his First Amended Supplemental Complaint, and the absence of any admissible evidence submitted by the Plaintiff in opposition to the present Motion for Summary Judgment, Plaintiff fails to demonstrate any sufficient admissible facts to create a genuine dispute that Defendant was directly and personally involved in any action taken or that any adverse action by Defendant was motivated, at least in part, by the protected activity here of filing the present lawsuit. Given the uncontested evidence

presented to the Court, a reasonable jury could not conclude that Defendant retaliated against Plaintiff.

V. **CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Summary Judgment, [Docket No. 212], be **GRANTED** as set forth above, and that Plaintiff's claim against Defendant Angelique Brewer-Ottum, be **DISMISSED WITH PREJUDICE**.

Dated: January 25, 2015                      s/Leo I. Brisbois
                                                      Leo I. Brisbois
                                                      United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.